IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN OBLAD,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID CUNDICK et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION &**<br>**ORDER DISMISSING COMPLAINT**<br><br><br>Case No. 2:18-CV-707 RJS<br><br>Chief District Judge Robert J. Shelby |

Plaintiff, Brian Oblad, proceeds *in forma pauperis*, *see* 28 U.S.C.S. § 1915 (2019), in this *pro se* civil-rights suit, *see* 42 *id*. § 1983. Having screened, 28 *id*. § 1915A, the Complaint, (Doc. No. 3), the Court now orders dismissal.

**A. Standard of Review**

This Court shall dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2019). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is *pro se,* the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However,

"[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff asserts prison contract attorneys Cundick and Freestone violated his federal civil rights by denying him meaningful access to the courts when they provided inadequate legal help.

### C. Analysis

However, the Court concludes that Defendants are not culpable under federal civil-rights law because, as private attorneys contracted by the Utah Department of Corrections to provide initial legal services for state prisoners, they are not "state actors." First, though lawyers are generally licensed by states, "they are not officials of government by virtue of being lawyers." *In re Griffiths*, 413 U.S. 717, 729 (1973). Further, precedent holds that private contractors' acts do not become governmental acts under § 1983 by reason of their significant or even total involvement in executing the terms of public contracts. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelly v. Kramer*, 334 U.S. 1, 14 (1948).

An earlier case decided in this Court is persuasive: *Smith v. Freestone*, Case No. 2:97-CV-944. A Report and Recommendation adopted in a dismissal order by the district-court judge, states, "Prison contract attorneys do not work under color of state law for purposes of § 1983." *See id.*, slip op. at 3 (D. Utah Aug. 20, 1998). The dismissal was affirmed by the Tenth Circuit, ruling that attorneys contracting with the state to provide legal help to inmates were not acting

under "color of state law" in performing those duties. *Smith v. Freestone*, No. 99-4005, 1999 U.S. App. LEXIS 16766, at *2 (10th Cir. July 20,1999); *cf. Polk County v Dodson*, 454 U.S. 312, 321 (1981) ("[A] public defender is not amenable to administrative direction in the same sense as other employees of the State.").

A good final point: Like public defenders, Defendants work under canons of professional responsibility that govern their exercise of independent judgment on behalf of clients. "[T]he canons of professional ethics impose limits on permissible advocacy." *Dodson*, 454 U.S. at 323. In other words, every lawyer, whether privately retained or publicly appointed, is charged to avoid clogging the courts with frivolous claims. *See id*.

## ORDER

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2019), because Plaintiff failed to state a claim upon which relief may be granted.

DATED this 3rd day of January, 2020.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court